Allen, P..
delivered the opinion of the court:
The court is of opinion that the appellant as surety *525 for John Hill in a forthcoming bond which was forfeited, became thereby surety for the debt; and when he paid the same as such surety, he became entitled upon the principles of a court of equity, to all the rights of the creditor against the original debtor, subsisting at the time he became so bound for the debt; and that the judgment for the benefit of the surety so paying, is not regarded as extinguished, but transferred with all its obligatory force against the principal, and constituting a legal lien upon his real estate owned at the date of the judgment, and thereafter acquired. Garland v. Lynch, 1 Rob. R. 545; Powell’s ex’ors v. White, 11 Leigh 309; Robinson v. Sherman, 2 Gratt. 178; Leake v. Ferguson, 2 Gratt. 419.
The court is further of opinion, that the receipt of the creditor dated the 2d of September 1842, shows that the appellant on that day paid the sum of five hundred dollars to the creditor on account of the execution issued on said forfeited bond, against his principal and himself; and the evidence in the record, of loose declarations that he loaned his principal that sum, or that the witnesses understood it was a loan, do not show any intention on the part of the appellant, to waive any legal right, or that in fact he knew at the time of such payment, that the law raised any such right of substitution for his benefit.
The court is further of opinion, that it fully appears that the appellee had full notice of said judgment when he took from the said John Hill the deed of trust of the 2d day of September 1842; as by the terms of said deed, provision was made thereby to indemnify the appellee for the sum of five hundred dollars, which he had bound himself to pay on said judgment, for said John Hill at a future day.
The court is further of opinion, that the appellee is not entitled to priority on account of the payment of said last mentioned sum: no such claim is set up in *526 the answer; and the appellee not being surety, if he intended or contemplated relying on previous liens, should have taken a transfer thereof; his was a loan to John Hill, for the security of which, together with other claims against said John Hill, he took his deed of trust aforesaid, and upon which alone he must rely.
The court is further of opinion, that as it appears that said John Hill by a deed of trust duly executed, and acknowledged, and recorded on the 12th day of May 1842, conveyed sundry lands, together with personal property, to a certain Hudson M. Dickenson, in trust for the security and payment of said debt, the appellant is entitled to be substituted to the eights of the creditor under said deed of trust, .and to require a sale by the trustee of the property conveyed by said deed of trust, or so much thereof as may be forthcoming, and the application of the proceeds thereof, or so much as may be necessary to pay said sum of five hundred dollars, with interest from the 2d of September 1842, on so much thereof as at the time of payment was applicable to the principal of said execution. And if the property described in said deed of trust of the 12th of May 1842, or so much thereof as may be' forthcoming, should prove insufficient to pay said sum of five hundred dollars, with interest as aforesaid, then that the appellant should be at liberty to resort to any other lands owned by said John Hill at the date of said judgment, or afterwards acquired, for satisfaction.
The court is therefore of' opinion, that -said decree is erroneous, and it is reversed with costs against the appellant; and the cause is remanded to be further proceeded in according to the principles of the foregoing opinion and decree, in order .to a final decree.
Daniel and Moncur'b, Js. dissented.
Decree reversed.